THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. CHRISTOPHER COLLINS, Defendant-Appellee.

Second District   No. 2—97—1291

Opinion filed December 4, 1998.

Gary W. Pack, State's Attorney, of Woodstock (Martin P. Moltz and Joan M. Kripke, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Thomas F. Loizzo, of Law Offices of Thomas F. Loizzo, of Woodstock, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Defendant, Christopher Collins, was charged with criminal sexual assault (720 ILCS 5/12—13(a)(4) (West 1996)), aggravated criminal sexual abuse (720 ILCS 5/12—16(d) (West 1996)), and official misconduct (720 ILCS 5/33—3(a) (West 1996)). The trial court dismissed the official misconduct charge on constitutional grounds and dismissed the remaining charges, finding that the State did not bring them within the limitations period (see 720 ILCS 5/3—5(b) (West 1996)) and that no exceptions applied to extend the limitations period (see 720 ILCS 5/3—6 (West 1996)). The State appeals the dismissal of the criminal sexual assault and aggravated criminal sexual abuse charges, arguing that the exception provided in section 3—6(b) of the Criminal Code of 1961 (720 ILCS 5/3—6(b) (West 1996)), which extends the limitations period for offenses arising from misconduct in office, applies and that the charges were brought within the extended limitations period. We affirm.

The indictment alleged that, between March 1991 and December 1991, defendant committed sexual acts with the victim. The acts occurred in the parking lot of North Junior High School. The stipulated facts reveal that, during this time, defendant was a teacher at North Junior High School. Defendant never taught or coached the victim, and defendant never taught at the same school that the victim attended. The victim knew defendant only because they were neighbors.

The State admits that it did not file charges against defendant until February 1997, clearly beyond the general limitations period of three years (see 720 ILCS 5/3—5(b) (West 1996)). The State contends, however, that, since it filed the charges within one year of discovery and within six years of the incident, they are timely pursuant to the extended limitations period provided in section 3—6(b).

■ Section 3—6(b) provides as follows:

"A prosecution for any offense based upon misconduct in office by a public officer or employee may be commenced within one year after discovery of the offense by a person having a legal duty to report such offense, or in the absence of such discovery, within one year after the proper prosecuting officer becomes aware of the offense. However, in no such case is the period of limitation so extended more than 3 years beyond the expiration of the period otherwise applicable." 720 ILCS 5/3—6(b) (West 1996).

The trial court found that neither the grand jury transcripts nor the indictment contains any "allegation that this occurred—that this misconduct occurred in office. As a result, the [S]tate, in my opinion, cannot utilize the extended limitations period." The court then dismissed the charges, finding them barred by the limitations period. See 725 ILCS 5/114—1(a)(2) (West 1996). The State filed a timely notice of appeal. See 145 Ill. 2d R. 604(a).

On appeal, the State argues that, since the incident occurred in a school parking lot, and since school grounds are afforded the same protected status as school buildings (see, *e.g.*, 720 ILCS 5/24—1(c)(1), (c)(2) (West 1996); 720 ILCS 570/407(b) (West 1996)), defendant's acts were committed in office. The State admits that it did not raise this issue below but asks us to review it in the interest of justice.

■ Waiver is a limitation on the parties and not the jurisdiction of the courts. *Herzog v. Lexington Township*, 167 Ill. 2d 288, 300 (1995). If the issue raised on appeal is one of law and is fully briefed and argued by the parties, we will relax the waiver rule and consider it even if it was not raised in the trial court. *Committee for Educational Rights v. Edgar*, 174 Ill. 2d 1, 11 (1996). Here both parties have fully briefed the issue, and the question of whether an indictment should be dismissed is one of law (*People v. Cora*, 238 Ill. App. 3d 492, 504 (1992)). Therefore, we will consider the merits of the State's argument.

■ We first note that the State provides no support for its conclusion that, had the incident occurred in a school building, section 3—6(b) would apply. While the location where the misconduct occurred may provide circumstantial evidence that the misconduct occurred in office, we do not believe that the location necessarily controls the determination of whether the misconduct occurred in office.

Section 3—6(b) was not designed to provide special protection to school grounds or any other physical location. Instead, it was designed to help prosecute "breaches of fiduciary obligations of public officers." *People v. Isaacs*, 37 Ill. 2d 205, 228 (1967). As the court noted in *People v. Webb*, 144 Ill. App. 3d 83 (1986), to determine whether section 3—6(b) applies, the court must determine whether the defendant was acting in his private or official capacity when the misconduct occurred. *Webb*, 144 Ill. App. 3d at 86. The State argues that *Webb*'s analysis does not apply in this action because *Webb* was concerned with the question of whether the defendant was guilty of the crime of official misconduct and not whether the defendant had committed misconduct in office. While the *Webb* court originally applied its analysis to the crime of official misconduct, the court also held that the same analysis applied to determining whether, for purposes of section 3—6(b), the

defendant's actions constituted misconduct in office. *Webb*, 144 Ill. App. 3d at 87. Thus, we find *Webb* instructive.

In *Webb*, the defendant, a police officer, was charged with official misconduct and perjury because of false testimony he gave during the trial of his ex-girlfriend's father. The defendant was convicted. The appellate court reversed, holding that, since the evidence established that the defendant was acting in his private rather than his official capacity, he could not be guilty of misconduct and that the extended limitations period in section 3—6(b) could not apply. *Webb*, 144 Ill. App. 3d at 86-87.

The *Webb* court explained that a defendant acts in his official capacity if he " 'has in some fashion exploited his official position to the detriment of the public good.' " *Webb*, 144 Ill. App. 3d at 86, quoting *People v. Steinmann*, 57 Ill. App. 3d 887, 897 (1978). That the defendant committed the alleged offense in his private capacity was demonstrated by the fact that he was never involved in the situation in his capacity as a police officer. Furthermore, the events to which the defendant testified occurred while the defendant was not on duty. The court concluded that, given these facts, to find that the defendant's testimony had been given in his official capacity "would place all public officers' and employees' actions as part of their official capacity." *Webb*, 144 Ill. App. 3d at 87.

*Webb* and *Isaacs* make clear that, to decide whether section 3—6(b) applies, a court must first determine whether the defendant was acting in a private or an official capacity. Here the only evidence that the State presented to support its conclusion that defendant was acting in his official capacity is that the incident occurred in a school parking lot. The remaining evidence, however, supports the conclusion that defendant was not acting in his official capacity. Defendant and the victim knew each other only because they were neighbors. Defendant never taught or coached the victim, and defendant never taught at the same school that the victim attended. Clearly defendant's relationship with the victim was wholly private and not related to his position as a public employee. While the location of the incident may provide circumstantial evidence that defendant was acting in his official capacity, without some evidence from the State that defendant used his authority as a public employee to obtain access to an otherwise secure location, or otherwise used his position as a public employee to further the commission of the alleged crimes, we are unable to conclude that the mere fact that the alleged incidents occurred in a school parking lot is sufficient to support the conclusion that defendant's actions constituted misconduct in office. Since the State is unable to demonstrate that the charges were brought within the applicable limitations pe-

riod, the trial court properly dismissed the criminal sexual assault and the aggravated criminal sexual abuse charges.

The judgment of the circuit court of McHenry County is affirmed.

Affirmed.

McLAREN and RATHJE, JJ., concur.