13 October 1999

No. 2--98--0589 

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

KENNETH D. DANIELS, 

Defendant-Appellant.

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court of Lake County.

No.  97--CF--2622

Honorable

Stephen E. Walter,

Judge, Presiding.

JUSTICE COLWELL delivered the opinion of the court:

Defendant, Kenneth D. Daniels, was convicted of unlawful delivery of less than one gram of a controlled substance (cocaine) on a public way within 1,000 feet of the real property comprising a church (720 ILCS 570/401(d) (West 1996); 720 ILCS 407(b)(2) (West Supp. 1997)).  On appeal, defendant argues that section 407(b) of the Illinois Controlled Substances Act (Act) (720 ILCS 570/407(b) (West Supp. 1997)), the statute that contains the provision enhancing the penalty for delivery of a controlled substance near a place of worship, violates the establishment clause of the first amendment to the United States Constitution (U.S. Const., amend. I) as well as the comparable provision of the Illinois Constitution (Ill. Const. 1970, art. I, §3).

In addition, defendant asks us to determine whether, for purposes of a conviction under section 407(b)(2) of the Act, the State must prove that (1) he knew that he was making a drug delivery on a public way within 1,000 feet of real property comprising a place of worship and (2) worship services were in session or that the church in question was otherwise occupied at the time of the offense.  For the reasons that follow, we affirm.

BACKGROUND

Section 401(d) of the Act (720 ILCS 570/401(d) (West 1996)) provides that it is unlawful for any person to knowingly deliver less than one gram of certain controlled substances.  A violation of section 401(d) is classified as a Class 2 felony, which is punishable by a term of imprisonment not less than three years and not more than seven years.  730 ILCS 5/5--8--1(a)(5) (West 1996).  S
ection 407(b)(2) of the Act enhances the classification of a section 401(d) offense to a Class 1 felony if the violation occurs "on any public way within 1,000 feet of the real property comprising any church, synagogue, or other building, structure, or place used primarily for religious worship."  720 ILCS 570/407(b)(2) (West Supp. 1997).  A Class 1 felony is punishable by a term of imprisonment of not less than 4 years and not more than 15 years.  730 ILCS 5/5--8--1(a)(4) (West 1996).

On October 1, 1997, the State filed a three-count indictment against defendant.  Count I charged defendant with unlawful delivery of less than one gram of a controlled substance (cocaine) on a public way within 1,000 feet of real property comprising a church.  720 ILCS 570/401(d) (West 1996); 720 ILCS 570/407(b)(2) (West Supp. 1997).  Count II charged defendant with unlawful delivery of less than one gram of a controlled substance (cocaine).  720 ILCS 570/401(d) (West 1996).  Count III charged defendant with unlawful possession of less than 15 grams of a controlled substance (cocaine).  720 ILCS 570/402(c) (West 1996).

Prior to trial, the State filed a motion 
in
 
limine
 seeking to prohibit defendant from arguing that the State was required to prove as a necessary element of the offense charged in count I that defendant knew or was aware of his proximity to the church at the time of the offense.  Relying on 
People v. Pacheco
, 281 Ill. App. 3d 179 (1996) (holding that in prosecution for unlawful delivery of a controlled substance within 1,000 feet of a school, the State was not required to prove defendant’s knowledge of the proximity of the school), the trial court granted the State’s motion.

Following a pretrial hearing, the court denied defendant’s motion to declare unconstitutional section 407(b) of the Act.  Initially, the court declined defendant’s invitation to find the statute ambiguous.  The court also applied a three-part test established by the Supreme Court in 
Lemon v. Kurtzman
, 403 U.S. 602, 29 L. Ed. 2d 745, 91 S. Ct. 2105 (1971), to determine whether the statute violated the state or federal establishment clause.  First, the court opined that the statute had a secular purpose, namely, to prevent individuals who sell drugs from preying on those who attend places of worship.  Second, the court determined that the primary effect of the statute was to protect those attending religious institutions.  Finally, the court concluded that there was no excessive entanglement with religion.

The jury returned a verdict of guilty on all three counts.  The circuit court of Lake County entered judgment only on count I and sentenced defendant to a term of 4½ years’ imprisonment.

DISCUSSION

I

Defendant asserts that the enforcement of the enhancement factor in this case violates his rights under the establishment clause of the first amendment to the United States Constitution (U.S. Const., amend. I) and the comparable provision of the Illinois Constitution (Ill. Const. 1970, art. I, §3).  Specifically, defendant claims that section 407(b) favors those who attend religious services over nonbelievers, "conveying the message that non-believers [
sic
] are less than full members of the community."  Defendant also suggests that the enhancement factor favors religions that hold services in fixed places of worship over religions that do not.

We begin our analysis with the maxim that statutory enactments carry a strong presumption of constitutionality and all doubts must be resolved in favor of a statute’s validity.  
People v. Fisher
, 184 Ill. 2d 441, 448 (1998).  The party challenging a statute’s validity has the burden of establishing that the statute is unconstitutional.  
Fisher
, 184 Ill. 2d at 448.  Our review of a constitutional issue is 
de
 
novo
.  
Fisher
, 184 Ill. 2d at 448.

The establishment clause of the first amendment to the United States Constitution provides that "Congress shall make no law respecting an establishment of religion."  U.S. Const., amend. I.  The establishment clause is applicable to the states through the fourteenth amendment.  
Cantwell v. Connecticut
, 310 U.S. 296, 303, 84 L. Ed. 1213, 1218, 60 S. Ct. 900, 903 (1940).  The Supreme Court has interpreted the establishment clause as prohibiting the government from (1) promoting or affiliating itself with any religious organization or doctrine; (2) discriminating among persons on the basis of their religious beliefs and practices; (3) delegating a governmental power to a religious institution; and (4) involving itself too deeply in such an institution’s affairs.  
County of Allegheny v. American Civil Liberties Union
, 492 U.S. 573, 590-91, 106 L. Ed. 2d 472, 492-93, 109 S. Ct. 3086, 3099 (1989).

In 
Lemon v. Kurtzman
, 403 U.S. 602, 29 L. Ed. 2d 745, 91 S. Ct. 2105 (1971), the Supreme Court established a three-prong test to determine whether a statute violates the establishment clause.  T
o pass constitutional muster, a statute must have a secular legislative purpose; the statute’s principal or primary effect must be one that neither advances nor inhibits religion; and the statute must not foster an excessive entanglement with religion.  
Lemon
, 403 U.S. at 612-13, 29 L. Ed. 2d at 755, 91 S. Ct. at 2111.  A statute need contain only one of these defects to be deemed unconstitutional.  
Edwards v. Aguillard
, 482 U.S. 578, 583, 96 L. Ed. 2d 510, 518-19, 107 S. Ct. 2573, 2577 (1987).

In resolving this issue of first impression, we find instructive two cases that addressed whether what is now section 5-

-5--3.2(a)(11) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5--5--3.2(a)(11) (West 1996)) violated the federal establishment clause.  Section 5--5--3.2(a)(11) of the Unified Code provides:

"(a) The following factors shall be accorded weight in favor of imposing a term of imprisonment or may be considered by the court as reasons to impose a more severe sentence under Section 5-8-1:

* * * 

(11) the offense took place in a place of worship or on the grounds of a place of worship, immediately prior to, during or immediately following worship services." 

In 
People v. Carter
 (
Carter I
), 228 Ill. App. 3d 526 (1992), the reviewing court applied the 
Lemon
 analysis in assessing the constitutionality of section 5--5--3.2(a)(11).  
The court reviewed the statute’s legislative history and found 
a secular purpose, 
i.e.
, to protect places of worship and those who use them to the same extent as certain other classes of victims.  
Carter I
, 228 Ill. App. 3d at 534.  The 
statute’s purpose reflected the legislature’s belief that crimes committed in places of worship are more repugnant to the community.  
Carter I
, 228 Ill. App. 3d at 534-35.

The court also determined that the primary effect of the statute is to punish individuals who commit crimes in or near places of worship.  The court opined that any benefit that the statute confers to those who attend religious services is too indirect to violate the establishment clause.  
Carter I
, 228 Ill. App. 3d at 535, citing 
Walz v. Tax Comm'n
, 397 U.S. 664, 675-76, 25 L. Ed. 2d 697, 705, 90 S. Ct. 1409, 1415 (1970).  Finally, the court concluded that there was no excessive entanglement with religion because the defendant did not show that the statute (1) benefitted religious institutions other than indirectly, (2) provided governmental aid to religious institutions, or (3) established a continuing relationship between the government and religious institutions.
  
Carter I
, 228 Ill. App. 3d at 536.

Unsuccessful in state court, Carter filed a petition for a writ of 
habeas corpus
 in federal court.  However, in 
Carter v. Peters
 (
Carter II
), 26 F.3d 697 (7th Cir. 1994), the United States Court of Appeals for the Seventh Circuit also rejected his arguments
.

The seventh circuit was unable to uncover a uniquely religious purpose behind the sentencing statute.  The court reviewed section 5--5--3.2(a)(11) in the context of the fuller statute of which it was a part and found that the statute as a whole was designed to afford special protection to members of society who need additional protection, such as the elderly, the handicapped, and children.  The court concluded that the legislature merely sought to heighten the penalty for offenders who target individuals who are easier prey for criminals.  
Carter II
, 26 F.3d at 698.

The court also determined that the statute’s primary effect is not to provide those attending worship services with special protection.  Rather, it is to increase the penalty for persons who commit crimes in or around places of worship during or near times of worship services.  
Carter II
, 26 F.3d at 699.  The court pointed out that the statute does not take a position on questions of religion or make matters of religion affect any person’s standing in the community because protection is afforded to anyone on the grounds of the place of worship, not just those attending services.  
Carter II
, 26 F.3d at 699.  Since the defendant did not raise the excessive entanglement issue, 
the court did not address it.  
Carter II
, 26 F.3d at 698.

Using the 
Lemon
 test as a guide, we conclude that section 407(b) does not violate the establishment clause of the first amendment to the United States Constitution.  Defendant claims that the statute lacks a secular purpose because the statute was suggested by clergy and it provides extra protection for religious worshipers.  However, a statute will be invalidated on the ground that a secular purpose is lacking only where there is no question that the statute or activity was motivated wholly by religious considerations.  
Lynch v. Donnelly
, 465 U.S. 668, 680, 79 L. Ed. 2d 604, 614, 104 S. Ct. 1355, 1362 (1984).

The enhancing factor at issue here began life as Senate Bill 1296.  According to the legislative debates in the House of Representatives, the bill was suggested to, among others,
 Representative John Jones by the mayor of Mt. Vernon as well as several clergy.  89th Ill. Gen. Assem., House Proceedings, April 30, 1996, at 17 (statements of Representative Jones).  Representative Jones related that his constituents were concerned about numerous drug deals occurring near places of worship.  89th Ill. Gen. Assem., House Proceedings, April 30, 1996, at 17 (statements of Representative Jones).  The enhancement provision was meant to keep drugs away from young people and the citizens of the State of Illinois.   89th Ill. Gen. Assem., House Proceedings, April 30, 1996, at 18 (statements of Representative Jones).

Further, Representative Jones explained that law enforcement agents had told him that such enhancement measures deter crime.  89th Ill. Gen. Assem., House Proceedings, April 30, 1996, at 22 (statements of Representative Jones).  Representative Jones also noted that a judge in his district commented that if the bill became law, law enforcement officials would have another "working tool" to increase the penalties for those dealing drugs.  89th Ill. Gen. Assem., House Proceedings, April 30, 1996, at 22-23 (statements of Representative Jones).

From these statements, we can glean a secular purpose.  Like the statute at issue in the 
Carter
 cases, the purpose of section 407(b) is 
to deter illegal drug sales by increasing the penalty for offenders that target places of worship and those who use them.  We note that many places of worship are open to the public and have relaxed security.  See 
Carter I
, 228 Ill. App. 3d at 534.  In addition, many places of worship are open to the community on a daily basis and offer day-care services, activities for families and the elderly, and after-school activities.

We also note that, like the statute at issue in the 
Carter
 cases, 
section 407(b) is part of a comprehensive scheme that enhances the penalty for delivering controlled substances in several circumstances.  For example, section 407(b) also enhances the penalty for an individual who unlawfully delivers a controlled substance on real property within 1,000 feet of a school, public housing complex, public park, or senior citizens home.  
When construing a legislative act, the court should consider each section in connection with other sections.  
Bubb v. Springfield School District 186
, 167 Ill. 2d 372, 382 (1995).
  That the legislature has decided that individuals convicted of the unlawful delivery of a controlled substance in the aforementioned circumstances deserve an additional penalty 
buttresses our conclusion that the principal purpose of section 407(b) is not to promote religion.  Rather, it is the legislature’s attempt to punish criminals more severely for preying on the more vulnerable.

Under the second prong of 
Lemon
, a statute will be found violative of the federal establishment clause if its principal or primary effect advances or inhibits religion.  Defendant maintains that section 407(b) advances religion because it requires 
taxpayers to fund the added cost of housing inmates convicted under this law.  We fail to see how the increased cost of housing additional inmates convicted under this statute advances religion.

Further, although we disagree with the trial court’s assessment as to the primary effect of the statute, we nonetheless find that section 407(b) of the Act does not run afoul of the establishment clause.  The primary effect of the statute here is to enhance the penalty for individuals convicted of unlawful delivery of a controlled substance when the offense is committed near a place of worship.  It is the individual who violates the statute that feels the primary effect in an enhanced sentence.  While the statute 
may also confer a benefit on those attending religious services, this benefit is too indirect to violate the establishment clause.  See 
Carter I
, 228 Ill. App. 3d at 535
.  Nothing in the statute leads us to believe that the State is conveying or attempting to convey a message that religion or a particular religious belief is favored or preferred.  See 
County of Allegheny
, 492 U.S. at 593, 106 L. Ed. 2d at 494, 109 S. Ct. at 3100-01.  Moreover, we note that the statute affords protection to anyone on the grounds of a place of worship, not only those attending services.

Next, defendant asserts that section 407(b) promotes excessive entanglement with religion because it will force the courts to determine whether a particular practice constitutes a religion.  
We believe that defendant’s complaint, which is not supported with any useful analysis, is unwarranted.  To determine whether excessive entanglement with religion exists, a court must examine " 'the character and purposes of the institutions that are benefited, the nature of the aid that the State provides, and the resulting relationship between the government and the religious authority.' "  
Agostini v. Felton
, 521 U.S. 203, 232, 138 L. Ed. 2d 391, 420, 117 S. Ct. 1997, 2015 (1997), quoting 
Lemon
, 403 U.S. at 615, 29 L. Ed. 2d at 757, 91 S. Ct. at 2112.  We have already noted that this statute may be said to indirectly benefit religion, but this benefit is not so pervasive that it fosters an "excessive entanglement with religion."  In addition, despite defendant’s concern, we are unable to see how the statute at issue aids religion or how it fosters a relationship between the government and a religious authority.

Defendant also contends that section 407(b) violates the establishment clause of article I, section 3, of the Illinois Constitution.  In support of his argument, defendant maintains that section 407(b) favors those who attend religious services, requires nonreligious individuals to support places of worship against their consent, and endorses religions with fixed places of worship over religions that do not practice in a fixed site.

Although his argument is couched in different terms, defendant essentially argues that section 407(b) of the Act violates the establishment clause of the Illinois Constitution for the same reasons that it violates the federal constitution.  Our supreme court has applied the 
Lemon
 test in addressing whether a statute violates the establishment clause of the Illinois Constitution.  See, 
e.g.
, 
Pre-School Owners Ass'n of Illinois, Inc. v. Department of Children & Family Services
, 119 Ill. 2d 268, 278-79 (1988); 
Board of Education, School District No. 142  v. Bakalis
, 54 Ill. 2d 448, 465-66 (1973).  Therefore, we reject defendant’s state constitutional challenge for the same reasons we have already declined to find that section 407(b) violates the establishment clause of the first amendment to the United States Constitution.

II

Next, defendant complains that 
he is entitled to a new trial because the State failed to prove that he knew that he was making a delivery of a controlled substance on a public way within 1,000 feet of real property comprising a church.  The State argues that defendant waived this issue because he did not challenge the indictment in the trial court.  Alternatively, the State contends that section 407(b) does not require it to prove the defendant’s knowledge of his proximity to a place of worship.

Regarding the State’s waiver argument, we believe that the State misconstrues defendant’s position.  Defendant is not challenging the sufficiency of the indictment.  Rather, defendant argues that section 407(b)(2) requires the State to prove the defendant’s knowledge of the proximity of the place of worship in order for the enhancement factor to take effect.  The defendant alleges that the State failed to prove that element here.  In addition, we note that defendant was prohibited from taking this position in the trial court because the court granted the State’s motion 
in
 
limine
, which sought to bar defendant from arguing this point.

In any event, we note that waiver is a limitation on the parties and not on the jurisdiction of the court.  
Fragakis v. Police & Fire Comm'n
, 
303 Ill. App. 3d 141, 146 (1999).  We may address issues not properly preserved by the parties in order to achieve a just result and to maintain a uniform body of precedent.  
People v. Shelton
, 293 Ill. App. 3d 747, 751 (1997).  Moreover, we note that the State will not be prejudiced if we address this point, as it has fully briefed the issue.  See 
People v. Collins
, 301 Ill. App. 3d 529, 531 (1998) (where issue raised on appeal is one of law and it is fully briefed and argued by the parties, waiver rule will be relaxed).  T
herefore, we will address whether the State was required to prove 
mens
 
rea
 as a necessary element of the enhancement factor challenged here.

Defendant relies on section 4--3 of the Criminal Code of 1961 (Criminal Code) (720 ILCS 5/4--3 (West 1996)).  To support a conviction under section 407(b)(2) of the Act, defendant suggests that an accused must deliver a substance knowingly and he must do so knowingly on a public way within 1,000 feet of real property comprising a place of worship.

Section 4--3 of the Criminal Code provides:

"Mental State.  (a) A person is not guilty of an offense, other than an offense which involves absolute liability, unless, with respect to 
each element described by the statute defining the offense
, he acts while having one of the mental states described in Sections 4-4 through 4-7.

  (b) If the statute defining an offense prescribed a particular mental state with respect to the offense as a whole, without distinguishing among the elements thereof, the prescribed mental state applies to each such element.  If the statute does not prescribe a particular mental state applicable to an element of an offense (other than an offense which involves absolute liability), any mental state defined in Sections 4-4, 4-5 or 4-6 is applicable.

  (c) Knowledge that certain conduct constitutes an offense, or knowledge of the existence, meaning, or application of the statute defining an offense, is not an element of the offense unless the statute clearly defines it as such."  (Emphasis added.) 720 ILCS 5/4--3 (West 1996).

In
 
People v. Brooks
, 271 Ill. App. 3d 570 (1995), the defendant was convicted of unlawful delivery of a controlled substance.  The defendant’s conviction was enhanced to a Class 1 felony because he committed the offense on a public way within 1,000 feet of real property owned by a public housing agency.  On appeal, the defendant raised the issue of whether he was required to know of the existence of the public housing complex within 1,000 feet in order for the enhancement provision to take effect.  The 
Brooks
 court determined that the State was not required to prove 
scienter
 as an element of the enhancing factor.  See 
Brooks
, 271 Ill. App. 3d at 574-75
.

The 
Brooks
 court pointed out that the enhancing statute does not contain a knowledge requirement.  The court rejected defendant’s reliance on sections 4--3(a) and 4--3(b) of the Criminal Code.  The 
court noted that sections 4--3(a) and 4--3(b) provide that 
scienter
 is necessary only for each element described or defined by the statute defining the offense.  
See 
Brooks
, 271 Ill. App. 3d at 574.  The statute defining the offense (see Ill. Rev. Stat. 1991, ch. 56½, par. 1401(d) (now 720 ILCS 570/401(d) (West 1996))) referred only to the substantive elements of the offense, 
i.e.
, knowing delivery of a controlled substance, and did not refer to the enhancing factors.  Thus, with respect to the 
scienter
 requirement, the State was only required to prove that the defendant knowingly delivered a controlled substance
.

In 
People v. Pacheco
, 281 Ill. App. 3d 179 (1996), the defendant was convicted of unlawful delivery of a controlled substance (cocaine) on a public way within 1,000 feet of real property comprising a school (720 ILCS 570/401(c)(2), 407(b)(1) (West 1994)).  
Pacheco
, 281 Ill. App. 3d at 181.  The latter factor enhanced the offense to a Class X felony. See 720 ILCS 570/407(b)(1) (West 1994).  On appeal, the defendant claimed that the State was required to prove defendant’s knowledge of the proximity of the school as an element of the offense.  Relying on 
Brooks
, we held that the State was not required to prove the defendant knew or was aware of the existence of a school within 1,000 feet where the offense was committed.
  
Pacheko
, 281 Ill. App. 3d at 187.

We adopt the reasoning of 
Brooks
 and 
Pacheco
.  Applying section 4--3 of the Code, we find that section 401(d) of the Act is the statute defining the offense of which defendant was convicted.  Section 401(d) requires the State to prove only that defendant knowingly delivered a controlled substance (cocaine).  Section 401(d) does not refer to the enhancing factor at issue here.  Therefore, while 
the State was required to prove the knowledge requirement for the statute defining the offense of unlawful delivery of a controlled substance, it was not required to prove that defendant knew that he committed the offense on a public way within 1,000 feet of real property comprising a place of worship.

III

We now turn to defendant’s contention that the State failed to prove that worship services were in session or that the church in question was otherwise occupied at the time he committed the offense.  The State asserts that defendant waived this argument for failure to raise it in the trial court or in a posttrial motion.

As we have previously noted, the waiver doctrine is a limitation on the parties and not on the court.  
Fragakis
, 
303 Ill. App. 3d at 146.  If the issue raised on appeal is one of law and it is fully briefed and argued by the parties, we will relax the waiver rule and consider it even if it was not raised in the trial court.  
Collins
, 301 Ill. App. 3d at 531.  The issue involved herein is one of statutory construction, and thus of law.  
Illinois ex rel. Chemco Industries, Inc. v. Employers Mutual Casualty Co.
, 303 Ill. App. 3d 898, 901 (1999).  Further, both parties have fully briefed the issue.  Thus, we will entertain defendant’s argument.

In support of his argument that, for the enhancement factor  at issue to take effect, worship services must have been in session or the church must have been otherwise occupied, defendant relies on section 5--5--3.2(a)(11) of the Unified Code.  As we have previously mentioned, section 5--5--3.2(a)(11) allows a court to consider as an aggravating factor in imposing sentence the fact that the offense was committed "in a place of worship or on the grounds of a place of worship, immediately prior to, during or immediately following worship services" (730 ILCS 5/5--5--

3.2(a)(11) (West 1996)).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature by first looking at the plain language of the statute.  
Davis v. Toshiba Machine Co., America
, 186 Ill. 2d 181, 184 (1999).  There is no rule of construction that allows the court to declare that the legislature did not mean what the plain language of the statute imports.  
People v. Woodard
, 175 Ill. 2d 435, 443 (1997).  Where the language of a statute is clear and unambiguous, a court must give it effect as written without reading into it exceptions, limitations, or conditions that the legislature did not express.  
Garza v. Navistar International Transportation Corp.
, 172 Ill. 2d 373, 378 (1996).  In addition, where the language of a statute is clear and unambiguous, it will be given effect without resort to other aids for construction.  
Woodard
, 175 Ill. 2d at 443.

Section 407(b)(2) of the Act simply requires the State to prove that defendant unlawfully delivered a controlled substance on a public way within 1,000 feet of a place of worship.  The statute contains no language requiring the State to produce evidence that worship services were in session or that the church in question was otherwise occupied at the time the offense was committed.  Because section 5--5--3.2(a)(11) of the Unified Code is not at issue here, defendant’s reliance on it is misplaced.  Since the plain language of section 407(b)(2) does not require the State to prove that worship services were in session or that the place of worship was otherwise occupied, we reject defendant’s position.  Moreover, we note that had the legislature intended the enhancing factor at issue to apply only when worship services were in session or the place of worship was occupied, it could have so provided as it did in promulgating section 5--5--3.2(a)(11) of the Unified Code. 

Defendant suggests that an examination of section 407 of the Act renders ambiguous the enhancement factor at issue here.  Specifically, defendant points out that section 407(c) of the Act (720 ILCS 570/407(c) (West 1996)) provides that, where unlawful delivery of a controlled substance occurs in a school or on or within 1,000 feet of school property, the time of day, the time of year, and whether classes are in session at the time of the offense are irrelevant.  Defendant reasons that section 407(c) supports his position that a place of worship must be occupied because had the legislature meant section 407(b) of the Act to apply to unoccupied places of worship it would have included language similar to that found in section 407(c).

Even if we were to agree with defendant that a reading of section 407(c) with section 407(b) renders ambiguous the enhancement factor we consider here, we would nevertheless find that section 407(b) does not require the State to prove that the worship services were in session or that the place of worship was occupied in order for the enhancing factor to take effect.  The legislative history of section 407 of the Act is silent on the matter.  Nonetheless, we agree with the State that there is a valid reason for the legislature to include section 407(c), 
i.e.
, that schools are generally not occupied during long periods of time such as summer vacation, weekends, and holidays.  We note that children tend to congregate on school property even when school is not in session.  The inclusion of section 407(c) is the legislature’s way of ensuring that schools remain drug-free zones even when school is not in session.  In contrast, there is no need for a similar provision regarding places of worship, as such institutions are generally open and accessible to the public on almost a daily basis throughout the year.

Finally, defendant suggests that a finding that the State is not required to prove that worship services were in session or that the house of worship was otherwise occupied renders section 407(b) unconstitutional because the statute will merely serve to protect religious buildings.  We find defendant’s position a reiteration of his previous constitutional challenge.  Therefore, for the reasons stated in section I of this opinion, we decline to find that section 407(b) of the Act is unconstitutional.

CONCLUSION

For the aforementioned reasons the judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN and GALASSO , JJ., concur.