NOTICE

Decision filed 03/10/20. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2020 IL App (5th) 170037-U

NO. 5-17-0037

IN THE

NOTICE

This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 13-CF-1560 |
| | ) | |
| DEON D. RICE, | ) | Honorable |
| | ) | Robert B. Haida, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE OVERSTREET delivered the judgment of the court.
Justices Moore and Boie concurred in the judgment.

**ORDER**

¶ 1   *Held*: Order dismissing amended petition for postconviction relief affirmed where postconviction counsel provided reasonable representation and complied with Supreme Court Rule 651(c) (eff. Feb. 6, 2013).

¶ 2   The defendant, Deon D. Rice, appeals the December 21, 2016, order of the circuit court of St. Clair County that dismissed his amended petition for postconviction relief. For the following reasons, we affirm.

¶ 3                         BACKGROUND

¶ 4   On October 11, 2013, the defendant was charged by information with one count of aggravated domestic battery, in violation of section 12-3.3(a) of the Criminal Code of 2012

1

(Code) (720 ILCS 5/12-3.3(a) (West 2012)) in that on September 25, 2013, the defendant knowingly caused bodily harm to Lashonda D. Williams, a family/household member of the defendant, by striking her in the face with a baseball bat, causing her nose to break. The defendant was further charged in the information with one count of criminal damage to property, in violation of section 21-1(a)(1) of the Code (*id.* § 21-1(a)(1)) in that on September 25, 2013, the defendant knowingly damaged property of Lashonda D. Williams, namely the windows of her 2003 Buick Rendezvous, without her consent.

¶ 5    On October 25, 2013, the circuit court ordered the public defender to represent the defendant. On November 8, 2013, a preliminary hearing was conducted. There, Darlene Diggs testified that she was employed by the East St. Louis police department. Diggs indicated that she was involved in the investigation of the aggravated domestic battery and criminal damage to property incident involving the defendant. Diggs testified that when officers responded to the victim's 911 call, the victim reported that when she attempted to leave the defendant's residence where she had been residing with him, the defendant came out of the house with a bat, broke the windows of her vehicle, and struck her in the face, breaking her nose. Diggs testified that the victim advised that the defendant was her boyfriend of eight to nine months. At the conclusion of the hearing, the circuit court found sufficient probable cause to support the defendant's arrest that occurred on October 24, 2013.

¶ 6    On November 13, 2013, the public defender filed a motion to reduce bond. On January 27, 2014, while represented by the public defender, the defendant filed, *pro se*, a motion to reduce bond and a motion to dismiss charges, alleging lack of evidence and

2

ineffective assistance of trial counsel. On January 29, 2014, private counsel, Andrew Liefer, entered an appearance on behalf of the defendant.

¶ 7 On October 27, 2014, the defendant was charged by information with one count of domestic battery, subsequent offense, in violation of section 12-3.2(a)(2) of the Code (720 ILCS 5/12-3.2(a)(2) (West 2012)) in that on September 25, 2013, the defendant knowingly made physical contact of an insulting or provoking nature with Lashonda D. Williams in that he struck her in the face with a baseball bat, and the defendant had previously been convicted of domestic battery in the circuit court of Madison County on November 27, 2011, in case number 11-CF-1560.

¶ 8 On November 18, 2014, while still represented by private counsel, the defendant filed, *pro se*, a "Motion to Dismiss for Incompetent Witness Testimony." The defendant alleged that the circuit court may dismiss criminal charges when the charges are based "solely on the testimony of an incompetent witness." The defendant further alleged that the information charging him "was based solely on the testimony of an angry vindictive woman for being rejected in [a] friendship." Accordingly, the defendant requested the circuit court to dismiss the charges against him.

¶ 9 On November 24, 2014, a plea hearing was conducted in the circuit court. At the outset of the hearing, the circuit court referenced the defendant's *pro se* motion to dismiss and inquired as to whether defense counsel was adopting that motion. Counsel replied that he was not. Accordingly, the parties proceeded to present to the court a negotiated plea and sentencing agreement. The State indicated that, subject to the approval of the circuit court, if the defendant were to plead guilty to count III—domestic battery subsequent

3

offense—the State would recommend a 30-month sentence in the Department of Corrections, waive costs and fees, and dismiss counts I and II. The State further indicated that it had no objection to the sentence running concurrently with the defendant's sentence in United States District Court docket number 14-CR30016-MJR in the Southern District of Illinois.

¶ 10    The defendant indicated that he understood English, that he understood the above-stated plea bargain, that he had plenty of time to discuss the case with his counsel, and that he was satisfied with his counsel's performance. He denied being under any physical or mental disability and denied being on any medication or substance that could affect his ability to understand. The circuit court admonished him on the charge and possible sentence, as well as the right to trial he was giving up by pleading guilty, all of which the defendant indicated he understood. As the factual basis was being read, the defendant changed his mind and refused to continue with the plea hearing. The circuit court scheduled the matter for a trial to commence on January 5, 2015.

¶ 11    On December 23, 2014, the State filed, *inter alia*, a motion to compel discovery, requesting, *inter alia*, a video that the defendant claimed to have in his possession that showed Lashonda Williams as the aggressor. On December 30, 2014, a second plea and sentencing hearing was conducted. At the outset of the hearing, the circuit court asked the defendant if his counsel, Andrew Liefer, had apprised him of his own pending felony charges in St. Clair County. The defendant indicated that he was aware of his counsel's criminal charges and had no concern regarding his counsel's ability to represent him, notwithstanding the charges. The circuit court explained to the defendant that his counsel

4

may be investigated by the Attorney Registration and Disciplinary Commission. The defendant acknowledged the same and persisted to proceed with the plea hearing.

¶ 12   Pursuant to the plea agreement, the State indicated that the defendant would be pleading guilty to count III, domestic battery subsequent. The State would dismiss counts one and two in exchange for the plea. Subject to the circuit court's approval, the State would recommend a sentence of 28 months in the Department of Corrections, to run concurrently with the defendant's sentence in United States District Court docket number 14-CR30016-MJR in the Southern District of Illinois, with four years of mandatory supervised release. The State explained that the defendant had already served 14 months because he never bonded out of St. Clair County jail. Accordingly, he would be required to serve 14 additional months and would automatically be transferred to federal custody upon approval of the sentence by the circuit court. The circuit court observed that, notwithstanding the 14 months already served, there is a statutory 61-day turnaround at the Department of Corrections upon sentencing. The circuit court advised the defendant that attempts would be made to effectuate the 61 days to be served concurrently with the federal sentence but indicated that there was no absolute guarantee that would happen.

¶ 13   The defendant indicated that he was under no disability that would affect his capacity to understand his decision. He denied taking any medication or substances that would affect his ability to understand. He denied having any difficulty understanding the discussions he had with defense counsel or the paperwork in his case. He averred that he had plenty of time to discuss the plea bargain with his counsel and he was satisfied with counsel's performance. The circuit court set forth the charge and sentencing range, which

the defendant indicated he understood. The defendant further assented that he understood the trial rights he would be entitled to if he opted to plead not guilty. The defendant stipulated to the factual basis presented by the State.

¶ 14    The parties further stipulated to the defendant's criminal history and waived any further presentence investigation and report. The circuit court admonished the defendant that he heard the charge against him, the range of sentencing, the factual basis, and the rights he was waiving by entering a guilty plea. The defendant stated that he was not threatened, promised, or offered anything in exchange for the plea and that he was entering the plea freely and voluntarily without any pressure or force. When asked for his plea, the defendant replied, "Guilty." The circuit court found the defendant knowingly, understandingly, and voluntarily entered into the plea and sentencing agreement and sentenced the defendant to 28 months in the Department of Corrections, with credit for the 14 months during which he was incarcerated in St. Clair County, to run concurrently with the sentence in the federal case. Counts one and two were dismissed. The defendant was admonished regarding his appeal rights and the necessities of a motion to withdraw guilty plea, which he indicated that he understood.

¶ 15    On January 5, 2015, the defendant was released to federal custody. On August 17, 2015, the defendant filed, *pro se*, a notice of appeal, alleging ineffective assistance of trial counsel by Liefer, that he had in his possession a video showing Lashonda Williams as the aggressor, and conflict of interest. He also filed a motion to dismiss the charge, which contained many of the same allegations as the notice of appeal, and added that he would be eligible to participate in the Residential Drug Abuse Program through the Federal

Bureau of Prisons if the instant case were resolved in a timely fashion. The defendant also filed a motion to dismiss Andrew Liefer as counsel and a motion to dismiss the charge for incompetent witness testimony. Counsel was appointed to represent the defendant on appeal. On October 26, 2015, appointed appellate defense counsel filed a motion to dismiss the appeal, indicating without further explanation that the defendant "has decided to dismiss this appeal." On December 18, 2015, this court entered an order, granting the defendant's motion to dismiss the appeal.

¶ 16    On January 27, 2016, the defendant filed, *pro se*, a petition for postconviction relief. The petition alleged: (1) counsel failed to provide copies of discovery to him prior to his guilty plea; (2) counsel failed to file a motion to dismiss the charge; (3) counsel encouraged the defendant to accept a plea agreement that was not supported by evidence; (4) counsel did not depose Lashonda Williams; (5) counsel was aware of a doctor who would refute Lashonda Williams's claims but failed to depose the doctor and insisted the defendant accept the plea agreement; (6) counsel accepted a retainer fee and payments from Lashonda Williams to represent the defendant but did not disclose this to the court or the State; (7) counsel knew that Lashonda Williams was visiting the defendant in jail but did not disclose this to the State; (8) counsel knew Lashonda Williams was placing money into the defendant's jail commissary account but did not disclose this to the State; (9) counsel knew Lashonda Williams was placing money into the defendant's "Securus Phone Account," and a phone account, but did not disclose this to the State; (10) counsel knew the defendant was accepting the plea agreement to get out of the county jail where the defendant believed his life was in danger; (11) counsel was aware of a video showing Lashonda Williams as the

7

aggressor but failed to make the State aware of the same; (12) counsel encouraged the defendant to accept the plea offer because Lashonda Williams had stopped making payments to counsel; (13) counsel failed to advise the defendant that counsel had pending felony charges; (14) counsel had a conflict of interest when he was hired by Lashonda Williams to represent the defendant and the same was not disclosed to the court or the State; (15) counsel was providing representation based solely on what he was paid to do, met with the defendant only one time, and told the court on behalf of the defendant that the defendant was satisfied with counsel's performance; (16) counsel did not have a trial strategy; (17) counsel was given a flash drive containing a video of LaShonda Williams as the aggressor; (18) counsel was aware that the defendant's truck was sold by the State within 45 days of the defendant's arrest and did not object to the sale; (19) counsel was ineffective by allowing the defendant to plead guilty to false information; (20) the defendant's plea was involuntary because counsel was not acting in the defendant's best interest; (21) the defendant's plea was involuntary because he feared for his life and the plea was based upon "the silent record"; (22) the defendant was charged as a result of vindictive prosecution; (23) the defendant's due process rights were violated by a sentence that was based on false information; and (24) the circuit court sentenced the defendant without the defendant having been provided effective assistance of counsel.

¶ 17    Also on January 27, 2016, the defendant filed, *pro se*, a brief in support of his petition for postconviction relief, a motion to proceed *in forma pauperis*, a motion to set hearing, a motion for discovery, a petition for court-appointed counsel, a motion to appoint counsel, and a motion to proceed *pro se* until counsel is appointed.  On February 10, 2016,

8

the circuit court entered an order appointing P.K. Johnson IV as postconviction counsel to represent the defendant and docketing the matter for second-stage proceedings.

¶ 18    Notwithstanding the appointment of postconviction counsel, on February 18, 2016, the defendant filed *pro se*, an amended petition for postconviction relief and a motion for leave to file the same. The amended petition alleged many of the same issues as in the original petition, but added the following: (1) the defendant suffered from diabetic neuropathy while at the St. Clair County jail but received no treatment; (2) the defendant had suffered from diabetes for 15 years. The jail was initially providing evening snacks to diabetics, but ceased providing the snacks, resulting in the defendant adjusting his sleep schedule for fear that he would suffer a diabetic coma in his sleep after evening lockdown; (3) the defendant contracted a cold and reported it to medical staff. A nurse gave the defendant a "cocktail" that worsened his illness and caused a headache for three days; (4) jail inmates with Hepatitis C cut themselves shaving in bathrooms that were shared with other inmates and there was no available disinfectant to clean with prior to using the bathrooms; (5) the defendant contracted a staph infection at the jail with no antibiotics prescribed; (6) the defendant was in a cell with feces coming out of a floor drain with no disinfectant to clean with, of which defense counsel was aware; and (7) five inmates died in the jail unexpectedly, causing the defendant to fear for his life and safety, of which defense counsel was aware and used the information to induce the defendant to accept the plea bargain.

¶ 19    Also on February 18, 2016, notwithstanding that he was represented by postconviction counsel, in addition to the *pro se* amended postconviction petition, the

9

defendant filed the following additional *pro se* pleadings: a motion for court order, requesting the circuit court to order Dr. Larry Dobbs to have documents regarding Lashonda Williams's medical treatment mailed to the defendant; a belated motion to withdraw plea; a motion to set hearing on his belated motion to withdraw plea; an entry of appearance for himself; and a motion to proceed *in forma pauperis*.

¶ 20 On February 22, 2016, the defendant, still represented by postconviction counsel, filed the following additional *pro se* pleadings: a motion for court order, requesting the circuit court to enter an order directing the State to have a 911 recording transcribed and mailed to the defendant; an addendum containing more issues to add to the amended *pro se* petition for postconviction relief; a motion for court order, requesting the circuit court to enter an order directing the State to forward a copy of all discovery documents to the defendant; a motion to set aside ruling, indicating that "at this point, counsel is not needed and moves the court to either delay ruling on the motions to appoint counsel or if the court has already ruled on them, to set aside the ruling"; a motion for court order, requesting the circuit court to enter an order directing the Fayette County jail to provide the defendant with certain documents; a motion for court order, requesting the circuit court to enter an order directing the State to provide the defendant with certain items of discovery; a motion for court order, requesting the circuit court to enter an order directing the St. Clair County jail to provide the defendant with certain items of discovery; and a first set of interrogatories directed to Dr. Larry Dobbs.

¶ 21 On February 24, 2016, the defendant—still represented by postconviction counsel—filed, *pro se*, a motion for continuance, indicating that "appointed counsel is not

necessary at this point" but that "appointed counsel is need[ed] for [the defendant's] belated motion to withdraw plea." The motion further indicated that the defendant's family "is trying to hire private counsel, which means [the defendant] will go *pro se* [*sic*] until such time." On March 1, 2016, the circuit court denied the defendant's motion to withdraw guilty plea as untimely. The same day, the circuit court issued an order of continuance, referencing the defendant's motion for continuance, indicating that postconviction counsel had been appointed, and directing postconviction counsel to meet with the defendant to determine if he wished to proceed *pro se*. Also, on March 1, 2016, the defendant filed, *pro se*, additional first sets of interrogatories directed at trial counsel Andrew Liefer, Charlene Diggs—who investigated the domestic battery incident in response to Lashonda Williams's 911 call, and the defendant's son, Deon Rice Jr.

¶ 22 On March 4, 2016, the defendant filed, *pro se*, a petition for recusal of judge and prosecutor, alleging that he could not receive a fair hearing from a local judge because of the allegations of judicial misconduct and vindictive prosecution in the *pro se* amended petition for postconviction relief. Accordingly, the defendant requested a judge and prosecutor from outside St. Clair County. On the same date, the defendant filed, *pro se*, an entry of appearance for himself and a motion for court order, requesting the circuit court to recognize that the defendant wished to proceed *pro se* but also requested postconviction counsel to be appointed as stand-by counsel.

¶ 23 On March 10, 2016, the State filed a motion to dismiss the original *pro se* petition for postconviction relief. The State contended that the petition's allegations of ineffective assistance of counsel were not supported by the record, affidavits, or other evidence. On

11

April 13, 2016, the circuit court entered an order, granting the defendant 90 days to file an amended petition and granting the State 30 days thereafter to file a response.

¶ 24   On July 21, 2016, the defendant's appointed, postconviction counsel filed an amended petition for postconviction relief.  The amended petition alleged that the defendant was denied effective assistance of trial counsel for the following reasons: (1) counsel failed to provide a copy of discovery materials to the defendant; (2) counsel only visited with the defendant one time prior to the plea; (3) counsel failed to file a motion to dismiss upon discovering that no relationship existed between the defendant and Lashonda Williams, therefore resulting in insufficient evidence to support the charge of domestic battery; (4) counsel encouraged the defendant to accept a plea for a charge that was not supported by the evidence; (5) counsel stipulated to a factual basis which was false and did not represent evidence that would have been presented at trial; (6) counsel failed to investigate the defendant's claims, including failure to depose Lashonda Williams, failure to contact Lashonda Williams's doctors, and failure to obtain Lashonda Williams's medical records; (7) counsel failed to disclose evidence to the State, indicating that Lashonda Williams was the aggressor; (8) counsel was aware that the defendant was fearful for his life and safety in the county jail and was pleading guilty as a means to be removed from the county jail; (9) counsel understood that the defendant was afraid and therefore wished to plead guilty out of fear; (10) counsel misinformed and misled the defendant during plea negotiations by advising the defendant that the sentence in the instant case would run concurrently with the sentence in the federal case and that he would receive credit for his federal charge for the time served in the county jail; (11) counsel failed to

12

advise the defendant of the effect that a guilty plea could have on his federal charge; (12) counsel failed to inform the defendant that counsel had his own pending felony charges; (13) counsel failed to preserve the defendant's right to a trial by pressuring the defendant to accept the plea agreement, although the defendant maintained his innocence and his desire to proceed to trial; (14) counsel misled the defendant to plead guilty and the defendant was without sufficient funds to continue paying counsel to work on the case or to secure another paid attorney; (15) counsel failed to review applicable law, conduct meaningful discovery, file motions, and be sufficiently informed about the case to adequately advise the defendant; (16) counsel failed to preserve the defendant's right to trial and right to appeal by failing to follow the defendant's instructions to file a motion to withdraw the guilty plea and proceed with trial; and (17) counsel failed to preserve the defendant's rights by failing to present a self-defense claim or a justifiable use of force claim, and failed to assert that the defendant was not engaged in a domestic relationship with Lashonda Williams.

¶ 25    The amended postconviction petition further alleged that the defendant was denied due process for the following reasons: (1) the defendant was under a great deal of stress and was not thinking clearly at the time the plea was entered; (2) the defendant was fearful for his life and safety at the county jail, causing the defendant to involuntarily enter the plea; (3) the defendant's plea was submitted while the defendant was under threat and duress and, accordingly, the defendant was not afforded the opportunity to waive his rights to due process, to consult with a lawyer, to effective assistance of counsel, to a trial by jury, and to knowingly and intelligently waive his right to a trial by jury; (4) the defendant's plea

13

was submitted to the court while the petitioner was under threat and duress and, accordingly, the defendant did not knowingly and voluntarily enter into the plea; and (5) the factual basis was insufficient as a matter of law because the defendant and Lashonda Williams were not and had never been in a domestic relationship.

¶ 26 Counsel's amended postconviction petition omitted the conflict of interest claim that the defendant had alleged in his *pro se* petition. Counsel's amended petition asserted that "additional affidavits are not attached hereto due to the nature of the points raised herein." The defendant signed his name at the foot of the amended petition, swearing that the facts in the amended petition were true and correct in substance and in fact. The defendant requested in the amended postconviction petition that his conviction and sentence be set aside "to correct a manifest injustice" or, in the alternative, that the sentence be reduced.

¶ 27 On August 19, 2016, the State filed a motion to dismiss the amended petition for postconviction relief. On November 3, 2016, at the hearing on the motion to dismiss, the State indicated that the defendant failed to attach affidavits to support the claims in the amended petition. Defense counsel responded that he used the particular statement that he did to explain the absence of affidavits "because really the only person that can testify to these things is the petitioner." The circuit court took the matter under advisement. Also on November 3, 2016, postconviction counsel filed a Rule 651(c) (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) certificate of compliance. On December 21, 2016, the circuit court entered an order granting the State's motion to dismiss the amended petition for postconviction relief. The circuit court held that "[t]he record of the plea refutes the defendant's claims

14

regarding his counsel's performance. The record also refutes his claim of coercion, in that, he denied that he was being coerced or threatened to plead guilty at the time of his plea." The defendant filed a timely notice of appeal.

¶ 28                                    ANALYSIS

¶ 29    On appeal, we must determine whether postconviction counsel provided reasonable representation by substantially complying with Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). The defendant raises the following sub-issues to that regard: (1) whether postconviction counsel filed a proper certificate asserting that he fully complied with Rule 651(c), (2) whether postconviction counsel arranged the allegations of the amended postconviction petition in proper legal form by supporting them with affidavits and other documents, and (3) whether postconviction counsel raised frivolous claims that were refuted by the record. "We review *de novo* both the trial court's dismissal of [a] postconviction petition without an evidentiary hearing [citation] and the interpretation of a supreme court rule, including whether counsel fulfilled his duties under Rule 651(c) [citation]." *People v. Bass*, 2018 IL App (1st) 152650, ¶ 13.

¶ 30                        I. Reasonable Representation

¶ 31    Postconviction petitions are governed by the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2016)). The Act "provides a remedy for defendants who have suffered a substantial violation of their constitutional rights at trial." *People v. Edwards*, 197 Ill. 2d 239, 243-44 (2001). "Under the Act, a post[ ]conviction proceeding not involving the death penalty contains three stages." *Id*. at 244. "At the first stage, the trial court independently assesses a defendant's petition, and if the court determines that

15

the petition is frivolous or patently without merit, the court can summarily dismiss it." (Internal quotation marks omitted.) *People v. Little*, 2012 IL App (5th) 100547, ¶ 12. "A post[ ]conviction petition is considered frivolous or patently without merit only if the allegations in the petition, taken as true and liberally construed, fail to present the 'gist of a constitutional claim.' " *Edwards*, 197 Ill. 2d at 244 (quoting *People v. Gaultney*, 174 Ill. 2d 410, 418 (1996)).

¶ 32    "If the petition is not summarily dismissed at the first stage, *** the petition moves to the second stage ***, where counsel is appointed to represent the defendant and amend [the] postconviction claims." *People v. Marshall*, 375 Ill. App. 3d 670, 679-80 (2007). The State may also move to dismiss the petition at the second stage. See *Little*, 2012 IL App (5th) 100547, ¶ 12. "At the second stage, '[t]he inquiry into whether a post-conviction petition contains sufficient allegations of constitutional deprivations does not require the circuit court to engage in any fact-finding or credibility determinations. " *People v. Dupree*, 2018 IL 122307, ¶ 29 (quoting *People v. Coleman*, 183 Ill. 2d 366, 385 (1998)). "The Act contemplates that such determinations will be made at the evidentiary stage, not the dismissal stage, of the litigation." *Id.* "In addition, at the second stage, the circuit court examines a postconviction petition to determine its legal sufficiency, and any allegations not affirmatively refuted by the record must be taken as true." *Id.* If a substantial showing of a constitutional violation is made, the petition advances to the third stage for an evidentiary hearing. See *Little*, 2012 IL App (5th) 100547, ¶ 12.

¶ 33    A defendant has no constitutional right to counsel in postconviction proceedings. See *People v. Cotto*, 2016 IL 119006, ¶ 29. Rather, a defendant's right to postconviction

counsel is " 'a matter of legislative grace.' " *Id*. (quoting *People v. Hardin*, 217 Ill. 2d 289, 299 (2005)). "Because the right to counsel in post-conviction proceedings is wholly statutory [citation], post[ ]conviction petitioners are entitled only to the level of assistance provided by the *** Act." *People v. Turner*, 187 Ill. 2d 406, 410 (1999). "It is well settled that the Act requires counsel to provide a 'reasonable level of assistance' to [the] petitioner in post[ ]conviction proceedings." *Id*. (quoting *People v. Owens*, 139 Ill. 2d 351, 364 (1990)). "[T]he reasonable level of assistance provided for by the Act is 'less than that afforded by the federal or state constitutions.' " *Cotto*, 2016 IL 119006, ¶ 45 (quoting *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006)).

¶ 34 Postconviction counsel must perform specific duties in the circuit court, as set forth in Illinois Supreme Court Rule 651(c) (eff. Feb. 6, 2013). *People v. Greer*, 212 Ill. 2d 192, 204-05 (2004). "Rule 651(c) requires that the record in postconviction proceedings demonstrate that appointed counsel 'has consulted with [the] petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [the] petitioner's contentions.' " *Id*. at 205 (quoting Ill. S. Ct. R. 651(c)). "Substantial compliance with Rule 651(c) is sufficient." *People v. Profit*, 2012 IL App (1st) 101307, ¶ 18.

¶ 35 A. *Illinois Supreme Court Rule 651(c) Certificate*

¶ 36 In determining whether postconviction counsel provided reasonable representation by substantially complying with Supreme Court Rule 651(c) (eff. Feb. 6, 2013), the defendant raises the issue of whether a proper certificate was filed, asserting compliance

17

with the rule. "The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance." *Profit*, 2012 IL App (1st) 101307, ¶ 19. "It is [the] defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Id.*

¶ 37    In this case, postconviction counsel filed a Rule 651(c) certificate, thereby creating a presumption that the defendant was provided reasonable assistance. See *id*. However, the defendant argues that there is evidence to rebut that presumption. He alleges that although the certificate was filed, it did not assert that counsel had examined the record of the proceedings at trial, but only that he had examined the "entire record of proceedings of the plea of guilty and sentencing." Accordingly, the defendant contends that, because counsel failed to file a certificate contending that he had fully complied with Rule 651(c), this case must be remanded for new second-stage proceedings with the appointment of new counsel.

¶ 38    In response, the State indicates that, presumably, the defendant is arguing that the certificate does not comply because it does not utilize the exact wording of "the record of the proceedings at the trial." See Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). However, "Rule 651(c) only requires postconviction counsel to examine as much of the record 'as is necessary to adequately present and support those constitutional claims raised by the petitioner.' " *Pendleton*, 223 Ill. 2d at 475 (quoting *People v. Davis*, 156 Ill. 2d 149, 164 (1993)).

¶ 39    The State aptly emphasizes that there was no trial in this case, as the conviction resulted from the defendant's guilty plea.  Accordingly, because there was no trial, there was no need for counsel to review "the record of the proceedings at the trial."  Moreover, notwithstanding any issues with the wording of the certificate, the record evinces that postconviction counsel reviewed more than just the guilty plea and sentencing proceedings, as the amended petition modified the defendant's earlier filed *pro se* petition, including some of the *pro se* claims and excluding others, which necessarily required examination and review of portions of the record besides the plea and sentencing proceedings.  For these reasons, we find that counsel's certificate substantially complied with Rule 651(c) and that the defendant failed to rebut the presumption that counsel provided reasonable assistance to that regard.  See *Turner*, 187 Ill. 2d at 410.

¶ 40                      B. *Amended Postconviction Petition*

¶ 41    The next issue raised by the defendant in determining whether postconviction counsel provided reasonable representation by substantially complying with Rule 651(c) is whether the allegations of the amended postconviction petition were arranged in appropriate legal form by having attached to the petition affidavits and other documents.  "The purpose of [Rule 651(c)] is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court."  *Profit*, 2012 IL App (1st) 101307, ¶ 18.  Under the Act, "[t]he petition shall have attached thereto affidavits, records, or other evidence supporting its allegations or shall state why the same are not attached."  725 ILCS 5/122-2 (West 2016).

19

¶ 42   Here, the defendant contends that postconviction counsel failed to support the allegations of the amended petition by attaching affidavits or other documentation to support the amended petition and failed to provide an explanation for the absence of the same. This is incorrect. Postconviction counsel asserted at the foot of the amended postconviction petition "[t]hat additional affidavits are not attached hereto due to the nature of the points raised herein." Moreover, affidavits were discussed at the hearing on the motion to dismiss. The State indicated that affidavits were lacking to support the claims in the amended petition. Postconviction counsel responded that he used the particular statement that he did to explain the absence of affidavits "because really the only person that can testify to these things is the petitioner."

¶ 43   The defendant argues that "[r]easonable assistance of counsel requires more than typesetting and the addition of a sentence indicating that 'additional affidavits are not attached hereto due to the nature of the points raised herein.' " Notably, the defendant cites no authority to support this claim and we find that postconviction counsel substantially complied with the Act and Rule 651(c) by including in the amended petition the explanation for the absence of affidavits.

¶ 44   Notwithstanding our finding of substantial compliance and assuming, *arguendo*, that no explanation for the absence of affidavits was included in the petition, we observe that "the purpose of section 122-2 is to show a defendant's postconviction allegations are capable of objective or independent corroboration." *People v. Hall*, 217 Ill. 2d 324, 333 (2005). "Failure to attach independent corroborating documentation or explain its absence may, nonetheless, be excused where the petition contains facts sufficient to infer that the

20

only affidavit the defendant could have furnished, other than his own sworn statement, was that of his attorney." *Id*.

¶ 45 In this case, regarding the claims of ineffective assistance of trial counsel, the only affidavit that could have been provided other than the defendant's own sworn statement is that of trial counsel. This is because all such claims were based on what trial counsel did or did not know, what he did or failed to do, and/or what he represented or failed to represent. Accordingly, even if postconviction counsel had not provided an explanation for the absence of affidavits, such absence would have been excused on this basis. *Id*. Moreover, the Illinois Supreme Court observed that there is no bright-line rule that a court should refuse to consider whether a postconviction petition establishes unreasonable assistance of counsel simply because an affidavit is not attached to the petition. *Dupree*, 2018 IL 122307, ¶ 34. Rather, the supreme court has established that a dismissal of a postconviction petition is proper where the allegations in the petition are contradicted by the record of the proceedings below. *Coleman*, 183 Ill. 2d at 382.

¶ 46 Applied here, the circuit court did not grant the State's motion to dismiss the amended petition based on the absence of affidavits, nor did the court reference any deficiency in postconviction counsel's explanation for the absence of affidavits. Rather, after taking the matter under advisement, the circuit court entered the order granting the State's motion to dismiss, indicating that "[t]he record of the plea refutes the defendant's claims regarding his counsel's performance. The record also refutes his claim of coercion, in that, he denied that he was being coerced or threatened to plead guilty at the time of his

21

plea." Accordingly, the circuit court dismissed the amended postconviction petition because the claims therein were rebutted by the record. See *id*.

¶ 47 We agree that the record rebuts the allegations of the amended petition. At the plea hearing, the defendant indicated that he was under no disability that would affect his capacity to understand his decision. He denied taking any medication or substances that would affect his ability to understand. He further denied having any difficulty understanding the discussions he had with defense counsel or the paperwork in his case. He averred that he had plenty of time to discuss the plea bargain with his counsel and he was satisfied with counsel's performance. The circuit court set forth the charge and sentencing range, which the defendant indicated he understood. The defendant further assented that he understood the trial rights he would be entitled to if he opted to plead not guilty.

¶ 48 The defendant stipulated to the factual basis presented by the State. The circuit court admonished the defendant that he had heard the charge against him, the range of sentencing, the factual basis, and the rights he was waiving by entering a guilty plea. The defendant stated that he was not threatened, promised, or offered anything in exchange for the plea and that he was entering the plea freely and voluntarily without any pressure or force. When asked for his plea, the defendant replied, "Guilty." We find the record reflects that defendant knowingly, understandingly, and voluntarily entered into the plea and sentencing agreement. Accordingly, the allegations of the postconviction petition are positively rebutted by the record and dismissal was proper. See *id*.

22

¶ 49 On a final note regarding this issue, in his opening brief on appeal, the defendant argued that the amended postconviction petition filed by counsel included the claim that trial counsel was possibly under a conflict of interest "for insisting that [the defendant] plead guilty while being financially dependent upon Lashonda Williams for payment of trial counsel's fee[s]." This argument is belied by the record, as a review of the amended postconviction petition filed by counsel establishes that counsel opted to omit this claim—which was included in the *pro se* petition—from the amended petition.

¶ 50 It is only after the State, in its appellee's brief, pointed out this omission that the defense changed its position in the reply brief, the defense asserted for the first time that postconviction counsel provided unreasonable assistance by omitting the conflict of interest claim from the amended petition. "It is well settled that issues raised for the first time in the appellant's reply brief shall be deemed waived on appeal." *People v. Brownell*, 123 Ill. App. 3d 307, 319 (1984). However, waiver is a limitation on the parties and not on the court. See *People v. Daniels*, 307 Ill. App. 3d 917, 926 (1999). Accordingly, waiver notwithstanding, we opt to address this issue.

¶ 51 Under the Act, at the first stage of postconviction proceedings, the circuit court independently reviews the petition, taking the allegations as true, to determine whether the petition is frivolous and patently without merit. *People v. Hodges*, 234 Ill. 2d 1, 10 (2009). Here, the defendant included the conflict of interest claim in his *pro se* postconviction petition. Accordingly, when the circuit court reviewed the petition, it took that allegation, *inter alia*, as true and docketed the matter for second-stage proceedings.

¶ 52 To reiterate, at the second level of postconviction proceedings, under Rule 651(c), postconviction counsel must demonstrate that he "has consulted with [the] petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights, has examined the record of the proceedings at trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of [the] petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013). "The filing of a Rule 651(c) certificate gives rise to a rebuttable presumption that postconviction counsel provided reasonable assistance." *Profit*, 2012 IL App (1st) 101307, ¶ 19. "It is [the] defendant's burden to overcome this presumption by demonstrating his attorney's failure to substantially comply with the duties mandated by Rule 651(c)." *Id.*

¶ 53 In this case, postconviction counsel filed a Rule 651(c) certificate indicating that he had complied with the required duties, thereby creating a presumption that the defendant was provided reasonable assistance. See *id.* As we already observed, the defendant failed to rebut that presumption. It is not necessary for postconviction counsel to include all claims raised in a *pro se* postconviction petition in the amended petition. See *People v. Dixon*, 2018 IL App (3d) 150630, ¶ 22. Rather, counsel is only required to make any amendments to the *pro se* petition that are necessary for an adequate presentation of the defendant's contentions (Ill. S. Ct. R. 651(c) (eff. Feb. 6, 2013)) and to include claims that are not frivolous (*Dixon*, 2018 IL App (3d) 150630, ¶ 22). See also *Pendleton*, 223 Ill. 2d at 474-75 (if counsel omits *pro se* petition claim from amended petition, we infer that he decided not to pursue the claim).

¶ 54 In this case, we find that it was not unreasonable for postconviction counsel to exclude the conflict of interest claim from the amended petition. Rather, we infer that he decided to omit this claim after consulting with the defendant and reviewing the record. See *Pendleton*, 223 Ill. 2d at 474-75. It is noteworthy that the defendant asserted a claim of conflict of interest in his direct appeal and yet later dismissed his appeal without explanation. See *People v. Simms*, 192 Ill. 2d 348, 364-65 (2000) (claims available but not presented on direct appeal are waived). Moreover, the record supports our conclusion that postconviction counsel was not unreasonable for excluding the conflict of interest claim. At the plea and sentencing hearing, the defendant was given a chance to speak up if he had any concerns whatsoever about his trial counsel. He indicated that he was pleased with his trial counsel's performance and had no concerns about his ability to represent him. For these reasons, we reject the defendant's arguments regarding this issue.

¶ 55                    C. *Frivolous Claims*

¶ 56 Finally, in determining whether postconviction counsel provided reasonable representation by substantially complying with Rule 651(c), we consider whether postconviction counsel raised frivolous claims that were refuted by the record. The defendant argues that postconviction counsel provided unreasonable assistance by raising issues in the amended petition that were frivolous and had no merit.

¶ 57 First, the defendant cites the claim in the amended petition that trial counsel "failed and refused to provide a copy of discovery materials to the [defendant] and/or review the discovery materials with the [defendant]." The defendant contended in his opening brief that this claim is frivolous because, pursuant to Illinois Supreme Court Rule 415(c) (eff.

25

Oct. 1, 1971), discovery must stay in the attorney's exclusive possession. Be that as it may, as the State responds, the committee comments for Rule 415(c) indicate that although it is mandated for counsel to keep material received in his or her exclusive possession and to not furnish copies to the client or let them take it from the office, he or she "will undoubtedly *have to show it to, or at least discuss it with others*." (Emphasis added.) Ill. S. Ct. R. 415(c), Committee Comments (adopted Oct. 1, 1971).

¶ 58 Applied to this case, the claim in the amended petition complained of by the defendant indicates that trial counsel "refused to provide a copy of discovery materials to the [defendant] *and/or* review the discovery materials with the [defendant.]" (Emphasis added.) Accordingly, although trial counsel may not have been unreasonable by failing to provide him with copies of discovery materials, there was the potential for unreasonable assistance by failing to review the discovery, which was preserved with the "and/or" language. Accordingly, this was not a frivolous claim. Although the defendant raised the argument regarding this claim in his opening brief on appeal, after receiving the State's response, he conceded in his reply brief that postconviction counsel appropriately presented this claim.

¶ 59 Next, the defendant cites the claim in the amended petition that trial counsel "failed to file a Motion to Dismiss or other proper motion upon discovery of the fact that no relationship existed between the [defendant] and the alleged victim and therefore there was not sufficient evidence to support a charge of Domestic Battery." The defendant contends that this claim is frivolous because no such motion is colorable on these facts, the existence of a domestic relationship between the defendant and Lashonda Williams is an element of

26

the charge, and the appropriate mechanism through which such an element is challenged is a trial, not a motion to dismiss or other proper motion. We disagree.

¶ 60 "Formal defects [in a charging instrument] can be corrected on motion by the State's Attorney or the defendant at any time, provided there is no resulting surprise or prejudice to the defendant." *People v. Benitez*, 169 Ill. 2d 245, 255 (1996). Section 111-5 of the Code of Criminal Procedure of 1963 (Code of 1963) governs formal defects in a charge and provides a nonexhaustive list of formal defects that may be corrected by motion, one of which is any misjoinder of the offense charged. 725 ILCS 5/111-5 (West 2012).

¶ 61 Moreover, section 114-1 of the Code of 1963 allows a motion to dismiss a charge "(a) [u]pon the written motion of the defendant made prior to trial before or after a plea has been entered" on grounds including but not limited to when "(8) [t]he charge does not state an offense" and "(9) the indictment is based solely upon the testimony of an incompetent witness." *Id.* § 114-1(a)(8), (9). The record establishes that the defendant alleged both of these possibilities. These allegations were known to and made by the defendant prior to his plea. Accordingly, the above-cited claim was not frivolous, nor was postconviction counsel unreasonable by including it in the amended petition.

¶ 62 In conclusion, "if postconviction counsel's performance cannot be deemed deficient under *Strickland*, it cannot be said that counsel failed to provide the reasonable level of assistance required under the Act." *People v. Hotwagner*, 2015 IL App (5th) 130525, ¶ 37. "[U]nder the *Strickland* standard, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that counsel's deficient performance resulted in prejudice." *Id*. ¶ 34. Here, we conclude that postconviction counsel was not

27

deficient under *Strickland* regarding any of the defendant's arguments in this appeal. Accordingly, we find that postconviction counsel did not provide unreasonable assistance under the Act. See *id.* ¶ 37.

¶ 63                                   CONCLUSION

¶ 64   For the foregoing reasons, we affirm the circuit court's December 21, 2016, order dismissing the amended postconviction petition.


¶ 65   Affirmed.